IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Gary Beckstead,<br><br>　　　　Plaintiff,<br><br>LINCOLN NATIONAL LIFE<br>INSURANCE COMPANY,<br><br>　　　　Defendant. | **COMPLAINT** |

Plaintiff, Gary Beckstead ("Beckstead"), for his claims against Defendant, Lincoln National Life Insurance Company, dba Lincoln Financial Group ("Lincoln"), states and alleges as follows:

## **PARTIES**

1. Beckstead is, and at all times relevant to the allegations contained herein has been, a resident of Grand Forks, North Dakota.

2. Lincoln is, and at all relevant times was, a Indiana corporation, and authorized to do business in North Dakota as Lincoln Financial Group.

## **JURISDICTION AND VENUE**

3. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq., and principles of federal common law developed thereunder, and the Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), ERISA § 502(e)(1).

4. Venue is proper in this district under 29 U.S.C. § 1132(e)(2), ERISA § 502(e)(2), because the case involves an employee benefit plan administered in this district and Lincoln does business in this district.

## FACTUAL BACKGROUND

5. Plaintiff restates and realleges paragraphs 1 through 4.

6. For his Complaint, Beckstead seeks reinstatement of his Extension of Death Benefits ("EDB") from Lincoln, essentially a waiver of premiums for life insurance coverage maintained through Lincoln while disabled, along with his attorney's fees, costs, and disbursements in this action, his claims being governed by ERISA, 29 U.S.C. § 1001, *et seq*.

7. Beckstead was employed by Altru Health System and worked as a respiratory therapist.

8. Through his employment with Altru Health System, Beckstead was provided long-term disability ("LTD") and EDB coverage as part of Group Policies administered by Lincoln, which were assigned policy numbers 00001008188600000 (LTD) and 00001008188500000 (EDB).

9. Beckstead's work as a respiratory therapist involved frequently undertaking demanding 16-hour shifts that required lifting patients and heavy objects. As a result of this employment, he was diagnosed with numerous impairments including shoulder injuries and axillary nerve damage that were progressive and degenerative in nature. Together, these impairments have rendered Beckstead disabled from gainful employment effective January 27, 2014.

10. Beckstead filed a claim for LTD benefits from Lincoln, which was approved on September 22, 2014 under the LTD Group Policy's "Own Occupation" definition of disabled.

11. On June 20, 2016, a Social Security Administration administrative law judge determined Beckstead was disabled effective January 27, 2014 under the Social Security Act and its regulations, specifically finding that he is limited to less than a full range of sedentary work and

is therefore incapable of both his past relevant work and other work considering his age, education, and work experience. After approval of Beckstead's Social Security Disability Insurance claim, Lincoln offset Beckstead's LTD benefits – retroactively and prospectively – on account of his receipt of SSDI benefits.

12. On April 27, 2017, Lincoln denied Beckstead LTD benefits beyond July 27, 2017, the date the "Own Occupation" definition of disabled ended.

13. Lincoln's April 27, 2017 denial of ongoing LTD benefits noted Beckstead's right to submit an administrative appeal review request within 180 days of the date of the denial.

14. On May 16, 2017, Lincoln denied ongoing EDB to Beckstead.

15. On October 13, 2017, Beckstead appealed the April 27, 2017 LTD denial and May 16, 2017 EDB denial.  The appeals were received by Lincoln on October 16, 2017.

16. On January 17, 2018, Lincoln reversed the LTD denial, determining "that disability benefits are appropriate" and thanking Beckstead for his "cooperation and assistance in providing [Lincoln] with the information that was necessary . . . to make this decision."

17. Despite submitting medical and vocational evidence in support of his appeal demonstrating entitlement to ongoing EDB under the Group Policy, Beckstead's administrative appeal was denied by Lincoln on September 4, 2018 in a manner that was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Group Policy, and not based on substantial evidence as demonstrated by the following non-exhaustive examples:

    a. Lincoln relied on the opinions of medical professionals and other consultants who were financially biased by their relationship with Lincoln and as such were unable to offer unbiased opinions;

    b. Lincoln relied on the opinions of medical professionals and other consultants which were not supported by substantial evidence in the claim file and were not consistent with the overall evidence in the record;

    c. Lincoln ignored compelling medical and vocational evidence and took selective evidence out of context as a means to deny Beckstead's claim for ongoing EDB; and

    d. Lincoln ignored and / or misrepresented the opinions of Beckstead's treating physicians and the independent vocational expert relied upon by the Social Security Administration in finding him disabled.

18. In consideration of the above, Beckstead has exhausted his administrative remedies.

19. Beckstead is, and at all times since January 27, 2014 has been, disabled as defined in the Group Policy, entitling him to ongoing EDB and rendering Lincoln's denial improper under ERISA.

## COUNT I

20. Plaintiff restates and realleges paragraphs 1 through 19.

21. Plaintiff is disabled under the terms of the Group Plan and otherwise meets the requirements for entitlement to EDB.

22. Lincoln's termination of Beckstead's EDB violated ERISA, 29 U.S.C. § 1001, *et seq.*

23. By reason of the foregoing, Beckstead is entitled to judgment against Lincoln for reinstatement of EDB on a retroactive and ongoing basis along with a declaration that Plaintiff is entitled to benefits under the Group Policy.

## COUNT II

24. Plaintiff restates and realleges paragraphs 1 through 23.

25. Plaintiff has been forced to bring this action as a direct result of Lincoln's violations.

26. Due to Lincoln's acts and failures, Plaintiff has incurred attorneys' fees and costs. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g).

## PRAYER FOR RELIEF

27. WHEREFORE, Beckstead requests judgment in his favor and against Lincoln as follows:

   a) Adjudicate that Beckstead is entitled to EDB under the terms of the Group Policy;

   b) Adjudicate that Lincoln owes Beckstead retroactive EDB on any premiums paid by Beckstead, plus interest;

   c) Enjoin Lincoln to pay EDB under the Group Policy;

   d) Award Beckstead the costs, disbursements and other expenses of this litigation, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g), ERISA § 502(g); and

   e) Award such additional and further relief as the Court may deem just and proper.

Respectfully submitted this 20th day of November, 2018.

/s/ Mac Schneider
Mac Schneider
MN ID #:0389855
Attorney for Plaintiff
Schneider, Schneider & Schneider
815 Third Avenue South
Fargo, ND 58103
(701) 235-4481
(701) 235-1107 (fax)
mac@schneiderlawfirm.com